See also, Atkinson *v.* Truesdell, 127 N. Y. 230; Smith *v.* Clews, 114 Id. 190; Chittenden *v.* Morris, 52 Hun, 601; Schuchman *v.* Winterbottom, 58 Supr. 105; Schmitter *v.* Simon, 114 N. Y. 176; Read *v.* Bank of Attica, 124 Id. 671; Smith *v.* Crego, 54 Hun, 22; Greenwood *v.* Marvin, 111 N. Y. 423.

---

WILLIAM P. CHASE, Respondent, *v.* FLETCHER A. DEFENDORF, as Supervisor, etc., Appellant.

THOMAS L. HULBERT, Respondent, *v.* SAME, Appellant.

*Court of Appeals, October 13, 1891.*

1. *Appeal. Supervisors.*—The supervisor of a town has power, notwithstanding the direction of a town meeting, to refuse or neglect to appeal from a judgment rendered against him as such officer; and, if an appeal is brought, it is still under his and his attorney's control, and may be withdrawn by them.
2. *Same. Appealable.*—Orders, resting in the discretion of the general term, are not reviewable in the court of appeals.

Appeal from order of the supreme court, general term, fifth department, reversing order of special term, vacating order dismissing appeals of defendant.

*W. Martin Jones,* for appellant.

*Walter S. Hubbell,* for respondent.

PER CURIAM.—We will assume that the town meetings had power to give the supervisor directions as to the defenses of the actions pending against him, and yet we think the order of the general term is not reviewable here.

After the special town meeting held January 13, 1890, on the 15th of January notices of appeal were served by the defendant. Afterward on the same day, to give opportunity to negotiate settlements, the notices of appeal were withdrawn, and the plaintiffs by stipulation extended the time to appeal to January 30th. On the 29th of January notices of appeal were again served, and again on the same day withdrawn, the plaintiffs by stipulation extending the time to appeal to February 5th. On the 3rd day of February terms of settlement were agreed upon, and notices of appeal were not again served, and subsequently, in March, 1890, in pursuance of the stipulations given by the defendant, the orders were entered at both the special and general terms dismissing the appeals. These orders were supposed to be necessary because notices of appeal had been filed with the county clerk.

The resolutions of the town meetings could have no effect unless acted upon. The supervisor could still refuse or neglect to appeal, and the appeals, if brought, would still be under the control of the supervisor and his attorneys, to be managed by them in all matters of practice according to their sense of duty and best judgment. If they had neglected to bring appeals, the judgments would have been final. They could withdraw the notices of appeal, and take the stipulations extending the time to appeal. All this was matter of practice, and if, within the time limited, no notices of appeal were again served, the cases would stand as they would if no notices had been served at any time. Therefore, when the orders were entered dismissing the appeals, no effectual appeals had been taken. The court below could have given relief against the stipulations and orders. But the defendant was not absolutely as matter of law entitled to

such relief. It rested in the discretion of the court below whether it would grant such relief, and the exercise of that. decision is not subject to review here.

But still further, no exceptions had been filed to the report of the referee, and no case had been made as required by the rules and practice of the court, and the time had passed. for doing these things at the time when the orders dismissing the appeals were entered. It would, therefore, be fruitless. to allow the appeals to be restored, and whether, under such circumstances, the court below would restore the appeals,. and allow exceptions to be filed and a case made, certainly rested in discretion not reviewable here.

The appeal in each case should, therefore, be dismissed,. with costs.

All concur.

---

### NOTE.

As to appealibility of discretionary orders, see further, Ostrander *v.* Weber, 114 N. Y. 95; Shiels *v.* Wortmann, 126 Id. 650; Gray *v.* Man. R. Co., 128 Id.. 499; Schell *v.* Mayor, etc., Id. 67; Percival *v.* Percival, 124 Id. 637; Williams. *v.* D., L. & W. R. R. Co., 127 Id. 643; Hawxhurst *v.* Ritch, 119 Id. 621;. Denise *v.* Denise, 110 Id. 568; Randall *v.* Randall, 114 Id. 499; King *v.* Barnes, 107 Id. 645; Farmers' L. & T. Co. *v.* B. & M. T. Co., 109 Id. 342; People *ex rel.* Smith *v.* Commissioners, etc., 103 Id. 370; People *ex rel.* Millard *v.* Chapin, 104 Id. 96; Greenleaf *v.* Brooklyn, etc., R. R. Co., 102 Id.. 96; Bate *v.* McDowell, 97 Id. 646; Hatch *v.* W. U. T. Co., 93 Id. 640; Ithaca. G. & L. Co. *v.* Treman, Id. 660.